# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 1:20-CV-1000 |
| v. ) | |
| ) | **COMPLAINT** |
| STRATEGIC EQUIPMENT, LLC D/B/A ) | |
| TRIMARK FOODCRAFT, LLC, ) | JURY TRIAL DEMAND |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Jean S. Perry ("Perry"), a qualified individual with a disability, who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant Strategic Equipment, LLC d/b/a TriMark Foodcraft, LLC ("Defendant") refused to provide a reasonable accommodation for Perry's disability and discharged her because of her disability, in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Delaware corporation registered to conduct business in the state of North Carolina, has continuously been doing business in the state of North Carolina and the city of Winston-Salem, and has continuously had at least 15 employees.

2

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Perry filed a charge with the Commission alleging violations of the ADA by Defendant. Defendant responded to Perry's charge and participated in all aspects of the Commission's administrative investigation.

8. On April 15, 2020, the Commission issued a Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Determination.

10. Defendant participated in the Commission's conciliation efforts.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On July 13, 2020, the Commission issued a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

14. From on or around December 2, 2018 through at least December 4, 2018, Defendant engaged in unlawful employment practices at its Winston-Salem facility ("Defendant's facility"), in violation of Title I of the ADA, 42 U.S.C. § 12112, when it refused to provide Perry with a reasonable accommodation for her disability and terminated her employment.

15. Perry is a qualified individual with a disability under 42 U.S.C. §§ 12102 and 12111(8).

16. Perry has physical impairments, emphysema and chronic bronchitis, that substantially limit the major life activities of breathing and walking. Perry's impairments also substantially limit the respiratory major bodily function.

17. At all relevant times, Defendant met the operational needs of its Winston-Salem facility in part by using employees provided by a third-party staffing agency (the "Staffing Agency").

18. On or around October 29, 2018, the Staffing Agency placed Perry to work at Defendant's facility as an Accounts Payable – Costing Clerk ("Costing Clerk").

19. Perry interviewed with Defendant's Human Resource Specialist's and Accounts Payable and Costing Manager ("Costing Manager") prior to the start of her assignment with Defendant.

20. Defendant's Costing Manager provided job-specific training to Perry.

21. Defendant's Costing Manager assigned Perry daily work assignments.

22. Defendant's Costing Manager supervised Perry during the day-to-day performance of Perry's job duties at Defendant's facility.

23. Perry used equipment provided by Defendant to perform her job duties at Defendant's facility.

24. Defendant required that Perry adhere to Defendant's employee policies while performing work at Defendant's facility.

25. The Staffing Agency did not have a representative onsite at Defendant's facility during the period in which Perry was assigned to work at the facility.

26. At all relevant times, Defendant was a joint employer of Perry in relation to the work Perry performed at Defendant's facility.

27. At all relevant times Perry performed her job duties in a manner that met Defendant's legitimate employment expectations.

28. At all relevant times, Perry was qualified to perform the essential functions of her job as a Costing Clerk with a reasonable accommodation.

29. On or around December 2, 2018, Perry experienced difficulty breathing and went to the emergency room. Perry was thereafter admitted to the hospital.

30. On or around December 2, 2018, Perry notified the Staff Agency and the Defendant via email that she was in the emergency room and likely to be admitted to the hospital.

31. On or around December 2, 2018, Perry was diagnosed with chronic bronchitis and emphysema.

32. Chronic bronchitis is an inflammation of the lining in the bronchial tubes that carry air to the lungs. Emphysema is a condition that causes air sacs in the lungs to weaken and/or rupture, which causes shortness of breath.

33. Because of the chronic bronchitis and emphysema, Perry has difficulty breathing when she walks more than thirty steps and her lungs operate at a diminished capacity. At all relevant times, Perry's medical conditions have required daily medical treatment, including the use of an oxygen device during certain activities.

34. At all relevant times, Perry's chronic bronchitis and emphysema have substantially limited her in the major life activities of breathing and walking, and in the major bodily function of the respiratory system.

35. On or around December 3, 2018, Perry contacted the Staffing Agency and Defendant to inform them that she would be returning to work with a personal oxygen device.

36. On or around December 4, 2018, Perry provided the Staffing Agency with additional information regarding the personal oxygen device she would use on her return to work.

37. On or around December 4, 2018, the Staffing Agency provided information to Defendant about the personal oxygen device Perry would use on her return to work.

38. In providing information regarding the personal oxygen device to Defendant directly and to Defendant through the Staffing Agency, Perry requested from Defendant a reasonable accommodation of her disability.

39. Defendant declined to provide Perry with a reasonable accommodation, use of a personal oxygen device at Defendant's facility.

40. Defendant failed to engage in the interactive process with Perry and failed to consider any potential accommodation that would permit Perry to remain employed. Instead, Defendant summarily terminated Perry.

41. On information and belief, Defendant could have accommodated Perry's disability without an undue hardship on Defendant, and in a manner that would have permitted Perry to remain employed.

42. Defendant failed to consider any accommodation for Perry before terminating her.

43. Defendant failed to engage in the interactive progress prior to terminating Perry.

44. Prior to December 2, 2018, Defendant did not notify the Staffing Agency of any plan to terminate Perry's assignment with Defendant.

45. Prior to December 2, 2018, Defendant did not notify Perry of any plan to terminate Perry's assignment with Defendant.

46. On information and belief, prior to December 2, 2018, Defendant had a single discussion with the Staffing Agency regarding Perry's alleged cell phone usage during work hours.

47. On information and belief, prior to December 2, 2018, the only performance or conduct related discussion Defendant had with the Staffing Agency about Perry concerned Perry's alleged cell phone usage during work hours.

48. On information and belief, prior to December 2, 2018, Defendant notified the Staffing Agency that the Staffing Agency did not need to take action with respect to Perry's alleged use of a cell phone during work hours.

49. Perry did not return to work at Defendant's facility after December 2, 2018.

50. On or around December 4, 2018, Defendant contacted the Staffing Agency to terminate Perry's assignment at Defendant's facility effective immediately.

51. In terminating Perry's assignment at Defendant's facility, Defendant terminated Perry's employment with Defendant.

52. Defendant failed to provide Perry with a reasonable accommodation for, and terminated Perry's employment, because of her disability.

53. The effect of the practices complained of above has been to deprive Perry of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability and need for reasonable accommodation.

54. The unlawful employment practices complained of above were intentional.

55. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Perry.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from any employment practice which discriminates on the basis of disability.

9

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, including temporary employees or employees who seek to use personal medical equipment as an accommodation, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Perry, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Perry and/or front pay in lieu thereof.

D. Order Defendant to make whole Perry by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Perry by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Perry punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 3rd day of November 2020.

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

KARA GIBBON HADEN
 (N.C. Bar No. 26192)
Acting Regional Attorney

**/s/ Samuel Harrington Williams**
SAMUEL HARRINGTON WILLIAMS
(N.C. Bar No. 49622)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Raleigh Area Office
434 Fayetteville St., Suite 700
Raleigh, NC 27601
Tel: (980) 296-1297

**ATTORNEYS FOR PLAINTIFF**

11